UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-80513-JMH

DEBORAH NASH-UTTERBACK,

    Plaintiff,

vs.

SCHOOL BOARD OF PALM BEACH COUNTY,

    Defendant.
_____/



FILED by _____ D.C.
JUN -8 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FL. — W.P.B.

## **ORDER ON DEFENDANT'S MOTIONS TO STRIKE (DEs 55, 56, 57)**

**THIS CAUSE** is before this Court upon the parties' consent to magistrate judge jurisdiction and an Order referring the instant case to the undersigned United States Magistrate Judge for final disposition. (DEs 12, 13, 15).

Presently before the Court is Motion to Strike Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment as Untimely Filed or in the Alternative Reply to Same (DE 55), Defendant's Motion to Strike, or in the Alternative, Reply to Plaintiff's Verified Response to Defendant's Statement of Material Facts (DE 56), and Defendant's Motion to Strike Portions of Plaintiff's Declaration Under Oath in Opposition to Defendant's Motion for Summary Judgement (DE 57). Plaintiff filed her Response (DE 61). No Replies were filed, and the time to do so has expired. These matters are ripe for the Court's review.

**1. Defendant's Motion to Strike Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgement as Untimely Filed**

Defendant argues that Plaintiff's Opposition to the Motion for Summary Judgment should

Page 1 of 6

be stricken pursuant to the Federal Rule of Civil Procedure 12(f)[1] because it was filed after the deadline to file a memorandum of law in opposition set out by Local Rules 7.1(c) and 56.1. Defendant asserts that this lateness put an undue burden on the Defendant and the Court in light of the fact that at the time the trial was scheduled for May 29, 2012. Plaintiff does not dispute that the Response was filed late. Plaintiff's counsel asserts that he was operating pursuant to the old version of Federal Rule of Civil Procedure 56, which had provided 21 days to respond to a motion for summary judgment, but now does not contain this deadline.

Defendant filed its Motion for Summary Judgement on April 2, 2012 (DEs 28, 30). Therefore, Plaintiff's Response was due on April 19, 2012 pursuant to Local Rule 7.1(c). Plaintiff's Memorandum of Law in Opposition was not filed until April 23, 2012, and was, therefore, four days late.

For good cause shown a court may extend the time to make a filing "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). This provision confers discretion on the court. *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 894-98 (1990). When considering whether untimeliness was due to excusable neglect, the court may consider the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Cheney v. Anchor*

---

[1] Rule 12(f) authorizes the court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a "pleading." Essentially, only complaints and answers are "pleadings" under the Rules of Civil Procedure, and motions for summary judgment and memoranda of law in opposition are not. *See* Fed. R. Civ. P. 7(a); *Circle Group L.L.C. v. The Southeastern Carpenters Regional Council*, 1:09-cv-3039-WSD, – F.Supp.2d –, 2011 WL 6817806, at *12 (N. D. Ga. Dec. 28, 2011). However, Plaintiff does not argue that Defendant's Motion should be denied on this basis, and admits that the Response and the supportive filings were late.

*Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993)). Excusable neglect is an equitable determination. *See id.*

Further, there is a policy of disfavoring defaults and of resolving cases on the merits. *Dorsett ex rel. Dorsett v. Nationwide Ins. Co. of Florida*, 07-80375-CIV, 2008 WL 2557508, at *2 (S.D. Fla. June 23, 2008) (citing *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). Additionally, unlike in a statutory deadline context when misunderstanding of the law by counsel is absolutely no excuse, a court may accept untimely filing in opposition to a motion for summary judgment. *See Advanced Estimating Systems, Inc. v. Riney*, 130 F.3d 996, 997-99 (11th Cir. 1997) (counsel's failure to adhere to the deadlines was not excusable neglect when notice of appeal was filed late and appellate court had no jurisdiction); *but see Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 894-98 (1990) (suggesting that the district court was not compelled to accept but could have accepted affidavits filed in opposition to a motion for summary judgment in violation of the briefing order).

Here, Plaintiff's counsel essentially was unaware of the applicable deadlines, which is not a compelling argument. Additionally, while being four days late may not be significant in many situations, with the trial less than two months away, four days become important. In fact, the trial was reset from May 29, 2012 to June 18, 2012 to allow more time to rule on the Motion for Summary Judgment and for the parties to prepare for trial thereafter, if necessary.

However, there is no showing that Plaintiff or her counsel acted in bad faith. Some prejudice for Defendant resulted from Plaintiff's counsel's failure to respond timely. However, if the Response and supporting filings are stricken from the record, prejudice to the Plaintiff would be

substantial. Also, resolution of the cases on the merits is strongly preferred in this Circuit, and the merits of Plaintiff's case may not be reached if the Motion for Summary Judgment is considered unopposed. Therefore, Defendant's Motion to Strike Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgement is **DENIED**.

## 2. Defendant's Motion to Strike, or in the Alternative, Reply to Plaintiff's Verified Response to Defendant's Statement of Material Facts

Defendant asks the Court to strike Plaintiff's Verified Response to Defendant's Statement of Material Facts pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 56.1 as untimely and because it exceeds the page limit.

The issue of untimeliness has been addressed above. Local Rule 56.1(a)(1) does mandate that a motion for summary judgement and the opposition must be accompanied by a statement of material facts. S.D. Fla. L.R. 56.1(a). The statement must be less than ten pages in length and "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." *Id.* Defendant cites no case law in support of its proposition that Plaintiff's Response to its Statement of Material Facts should be stricken for violating the length requirement. The same logic applicable to the argument of untimeliness applies to striking the Response to Defendant's Statement of Material Facts for exceeding the page limit.

In addition, Defendant argues that Plaintiff's Verified Response to Defendant's Statement of Material Facts should be stricken because some of Plaintiff's testimony is unsworn, that some or all of Plaintiff's exhibits are not authenticated, that Plaintiff's evidence represents inadmissible hearsay, and that Plaintiff lacks personal knowledge of the facts alleged in some instances.

Federal Rule of Civil Procedure 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Court was cognizant of its obligation to rely only on appropriate evidence when considering whether a genuine issue of material fact exists and whether summary judgment is warranted, and only considered evidence that was appropriate at the summary judgment stage. Therefore, Defendant's Motion to Strike Plaintiff's Verified Response is **GRANTED IN PART and DENIED IN PART** consistent with the terms of the Order Denying Motion for Summary Judgment.

### 3. Defendant's Motion to Strike Portions of Plaintiff's Declaration Under Oath in Opposition to Defendant's Motion for Summary Judgment

Defendant asks the Court to strike portions of Plaintiff's Declaration Under Oath in Opposition to Defendant's Motion for Summary Judgement by challenging its admissibility on essentially the same bases as in its challenge to Plaintiff's Response to Defendant's Statement of Material Facts. Therefore, Defendant's Motion to Strike Portions of Plaintiff's Declaration Under Oath in Opposition to Defendant's Motion for Summary Judgement is **GRANTED IN PART and DENIED IN PART** consistent with the terms of the Order Denying Motion for Summary Judgment.

### CONCLUSION

1. Motion to Strike Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment as Untimely Filed or in the Alternative Reply to Same (DE 55) is **DENIED**.

2. Defendant's Motion to Strike, or in the Alternative, Reply to Plaintiff's Verified Response to Defendant's Statement of Material Facts (DE 56) is **GRANTED IN PART and DENIED IN PART** consistent with the terms of the Order Denying Motion for Summary Judgment, and

3. Defendant's Motion to Strike Portions of Plaintiff's Declaration Under Oath in Opposition to

Defendant's Motion for Summary Judgement (DE 57) is **GRANTED IN PART and DENIED IN PART** consistent with the terms of the Order Denying Motion for Summary Judgment.

**DONE and ORDERED** in Chambers this 8 day of June, 2012, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to: All Counsel of Record